IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL DAVID MARTIN,

    Petitioner,

v.                                            CASE NO. 1:07-cv-121-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Petition stems from Petitioner's *nolo contendre* plea to charges in eleven separate cases in Alachua County, for which Petitioner received concurrent sentences totaling 10 years.  Petitioner contends that his trial counsel rendered constitutionally ineffective assistance by (1) failing to comply with a court order to have Petitioner's mental state evaluated with respect to six of the cases; (2) advising Petitioner to accept a plea offer because his sentence would be reduced through a motion for post-conviction relief; and (3) & (4) failing to investigate Petitioner's history of mental illness and to present an insanity defense, when the alleged victims were willing to testify to his diminished mental capacity .  Doc. 1.  Respondent has filed a response and appendix with relevant portions of the state-court record.  Doc. 10.  Petitioner was afforded an opportunity to file a reply but has not done so.  Upon due consideration of the Petition, the Response, and the state-court record, the undersigned

recommends that the Petition be denied.[1]

## State-Court Proceedings

As set forth in the state-court record, the relevant facts may be summarized as follows.  On August 11, 2005, Petitioner's trial counsel filed a "Motion for Appointment of Defense Expert on Mental Health Issues and Payment of Costs" in case numbers 2005-CF-2621, 2005- CF-2622, 2005-CF-2717, 2005-CF-2718, 2005-CF-2719, and 2005-CF-2720.  App. Exh. N.[2]  The trial court granted the motion.  *Id*. Exh. O.  Pursuant to a written plea agreement that was based on a "no deposition" plea offer, Petitioner entered pleas of *nolo contendere* to charges in all eleven cases on August 24, 2005.  *Id*. Exh. B.  During the plea hearing, Petitioner's counsel advised the Court that Petitioner had been examined by Dr. Harry Krop, and that Dr. Krop determined that Petitioner was competent to enter a plea.  Counsel questioned Petitioner and elicited his sworn testimony that Petitioner was under the influence of drugs at the time of the offenses, and that counsel had discussed various defenses and mitigation concerning Petitioner's drug use.  Considering Petitioner's other testimony and counsel's proffers at the hearing, the Court determined that Petitioner's plea was entered freely and voluntarily, and that the plea was supported by an adequate factual basis.  The court accepted Petitioner's plea and imposed sentence.  *Id*.  Petitioner did not appeal.

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2]Those charges pertained to the following offenses committed on June 18 and 23, 2005: grand theft, armed burglary, possession of a firearm, dealing in stolen property, trafficking, pawnbroker transaction fraud, and burglary of a residence.

Petitioner unsuccessfully sought to reduce his sentence by way of a Fla. R. Crim. P. 3.800(c) motion to mitigate, and unsuccessfully sought leave to file a belated direct appeal.  He then filed a timely Rule 3.850 motion alleging eight grounds of ineffective assistance of counsel.  The trial court summarily denied relief, finding that Petitioner had shown neither deficient performance by counsel nor that there was a reasonable probability that Petitioner would not have pleaded guilty but for counsel's actions.  *Id*. Exh. X.  The First District Court of Appeal affirmed without opinion.  *Id*. Exh. CC.

Petitioner then filed the instant federal habeas petition, which Respondent concedes is timely.  Respondent asserts that Petitioner's first claim, pertaining to counsel's alleged failure to comply with a court order to have Petitioner's mental state evaluated, is unexhausted and procedurally defaulted.   Respondent contends that Petitioner's remaining claims should be rejected because Petitioner has failed to show that the state court's disposition of these claims was contrary to, or an unreasonable application of, federal law.

## Section 2254 Exhaustion Requirement and Claim (1)

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner concedes that his first ground for relief, regarding counsel's alleged failure to comply with a court order for a mental examination, is unexhausted. *See* Doc. 1. Moreover, it is clear that this claim is procedurally barred in state court because Petitioner cannot now file a successive Rule 3.850 motion to assert the claim. *See* Fla. R. Crim. P. 3.850(f). Petitioner contends that he did not know that his trial counsel sought appointment of a mental health expert until the state court denied his Rule 3.850 motion, but that argument does not amount to a showing of cause and prejudice sufficient to overcome the procedural default. "'[C]ause' under the cause and prejudice

test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). Counsel's motion and the state court's order granting the motion have been available to Petitioner since the time of his conviction. Petitioner has made no showing that failure to consider this claim on federal habeas review would amount to a fundamental miscarriage of justice. Accordingly, the Court finds that Petitioner is not entitled to federal habeas review of his first ground for relief.

## Section 2254 Standard of Review

For properly exhausted claims, there are limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts

applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

### Ineffective Assistance of Counsel

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

A knowing and voluntary plea waives any claims stemming from events alleged to have occurred prior to the plea, including claims of ineffective assistance of counsel that do not implicate the validity of the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (pre-plea claim of ineffective assistance waived). Thus, in the guilty plea context, to show prejudice under *Strickland* a Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### Petitioner's Remaining Claims

### (2) Ineffective Assistance Regarding Plea Advice

Petitioner contends that he is entitled to federal habeas relief because the state court erred in denying his claim that his trial counsel was ineffective for advising him that he should accept the State's plea offer because his sentence would be reduced on post-

conviction review. Doc. 1 at 4-5. Noting that Petitioner's ineffective-assistance claims were governed by *Strickland*, the state court rejected this claim as follows:

> Defendant claims that counsel advised him that if he went to trial he would receive a minimum of thirty (30) years imprisonment. For this reason, he states, counsel advised him to accept the State's plea offer "as the best course of action." He further claims that counsel told him that he could have his sentence reduced if he filed a motion for postconviction relief. Defendant argues that counsel had a "do nothing" strategy. He states that had he known that he had a viable defense at trial, he would not have accepted the plea and proceeded to trial. Defendant does not state what that "viable defense" is, but, based on the claims in subsequent grounds, it appears that he believes that it is either the insanity defense or "involuntary intoxication."
>
> The record indicates that Defendant freely and voluntarily entered his plea because he believed that it was in his best interest. *See* Change of Plea Disposition Transcript at 9 (lines 10-16). During the colloquy, Defendant stated that no one made any promises to him other than what is contained in the plea agreement. *Id*. at 9 (lines 7-9). In addition, at no time in the instant motion does Defendant indicate a desire to withdraw his plea. He merely seeks to be resentenced to a drug treatment or psychiatric facility. There is no allegation that he did not understand the consequences of his plea, or that his plea was not knowingly and voluntarily entered. The entire change of plea hearing transcript reflects Defendant's understanding of his plea and the consequences of his plea. In addition, after disposition, Defendant did file a motion for modification of sentence, pursuant to Fla.R.Crim.P. 3.800(c), which was denied on the merits. *See* Motion for Modification of Sentence; Order Denying Motion for Modification of Sentence. Defendant fails to show error by counsel. He also fails to show either prejudice or manifest injustice. This ground is without merit.

App. Exh. X.

As the state court noted, Petitioner stated under oath during the plea hearing that no promises had been made to him regarding his plea, other than what was set forth in the plea agreement, and the state court determined that Petitioner's plea was entered freely and voluntarily. "[T]he representations of the defendant [at the plea hearing], as well as any findings by the judge accepting the plea, constitute a formidable barrier in

any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner points to nothing in the record that supports his bald assertion that counsel told him he would have his sentence reduced on postconviction review. Accordingly, Petitioner has failed to show that the state court's rejection of this claim was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of federal law.

### (3) & (4) Ineffective Assistance Regarding Mental Status and Defenses

Petitioner contends in his third ground that he is entitled to federal habeas relief because his trial counsel was ineffective for failing to investigate his history of mental illness and to present the defense of insanity. Doc. 1 at 5. As Respondent points out, Petitioner's fourth ground for relief is almost identical, except that Petitioner adds that the victims (most of whom were Petitioner's family members) would have testified to his diminished mental status, as indicated in affidavits presented to the state court on postconviction review. *Id*.[3] This claim was summarily denied by the state court as

---

[3]Respondent contends that although Petitioner presented such affidavits in the state court, they were offered only to support his claim that his counsel was ineffective for failing to seek mitigation from the state and not in connection with his claim that counsel was ineffective for failing to investigate his history of mental illness. Respondent contends that Petitioner's fourth ground for relief therefore is unexhausted. Doc. 10. In his Rule 3.850 motion, Petitioner alleged that counsel was ineffective for failing to investigate his mental illness, and stated that "[i]ncluded in this motion are multiple exhibits which demonstrate the legitimacy of the defendant's claims to mental

follows:

> Defendant claims that he has a long history of mental illness and substance abuse. He states that at the time of the charged offenses, he was without his medication and using cocaine. Defendant contends that, for that reason, he was legally insane at the time of the offenses. This statement is speculative and conclusory. He further claims that counsel should have investigated his sanity at the time to the offenses prior to advising him to enter the plea. The record indicates that counsel did investigate Defendant's mental state at the time of the offenses. *See* Motion for Appointment of Defense Expert on Mental Health Issues; Change of Plea and Disposition Transcript at 8 (lines 10-21, 25)-9(line 1-6). However, this plea was based on a "no deposition" plea offer, and, therefore, counsel did not fully investigate Defendant's case. *See* Petition to Enter Plea of Nolo Contendere at 1(para.2),5(para.23); Change of Plea and Disposition Transcript at 7 (lines 4-8); Plea Offer. In addition, during the change of plea hearing, Defendant indicated that he committed the crimes because of his drug addiction. See Change of Plea and Disposition Transcript at 21 (lines 19-21). He also argued this in a letter to the court before his plea. *See* Letter to Court. Defendant fails to show that counsel erred. He also fails to show a reasonable probability that but for counsel's actions he would not have entered the plea and proceeded to trial. This ground is without merit.

App. Exh. X.

In executing the plea agreement, Petitioner affirmed, under penalty of perjury, as

follows:

> I have told my lawyer all the facts and circumstances about the charges against me.  My lawyer has counseled and advised me on the nature of each charge; on any and all lesser included charges; and, on all possible defenses that I might have in this case. . . . Because I wish to accept the State's "no deposition" plea offer, at my request and with my agreement, my lawyer has not fully investigated my case nor talked to all of the witnesses.

App. Exh. A2.

---

illness as well as the legitimacy of his right to pursue this line of defense."  App. Exh. W.  Such exhibits include the affidavits referenced in the instant Petition.  Accordingly, the Court concludes that Petitioner sufficiently exhausted this claim.

*Case No: 1:07cv121-MP-GRJ*

Petitioner makes no argument that his plea was other than knowing and voluntary, and thus his valid guilty plea waived any claim that counsel rendered ineffective assistance for failing to investigate his mental health history prior to the plea. Further, Petitioner's sworn representations in the plea agreement reflect that he advised his counsel of the circumstances of his crimes, and was fully aware that his counsel would not conduct an investigation of the crimes. *Id*. Under these circumstances, Petitioner has failed to show that there is a reasonable probability that, but for counsel's failure to investigate his mental health history, he would not have pleaded guilty. *See Hill*, 474 U.S. at 59. Accordingly, Petitioner has failed to show that the state court's rejection of this claim was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of federal law.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 12th day of May 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.